IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| SCOTT HOWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: |
| CAKMIS ENTERPRISES, INC., and BETTY GRACE CAKMIS, | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, SCOTT HOWARD ("PLAINTIFF"), and files this Complaint against DEFENDANTS, CAKMIS ENTERPRISES, INC. and BETTY GRACE CAKMIS (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT CAKMIS ENTERPRISES, INC. was a Florida corporation that operated two stores in Gainesville, Florida called the 43rd Street Deli, which is where Plaintiff worked at all material times.

4. At all material times, DEFENDANT BETTY GRACE CAKMIS operated the above-identified stores.

**BACKGROUND**

5. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT CAKMIS ENTERPRISES, INC. had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide restaurant services.

8. At all relevant times, DEFENDANT CAKMIS ENTERPRISES, INC. was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Upon information and belief, at all relevant times, with respect to CAKMIS ENTERPRISES, INC., DEFENDANT BETTY GRACE CAKMIS had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions.

10. Upon information and belief, at all relevant times, DEFENDANT CAKMIS ENTERPRISES, INC. had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

11. At all relevant times, DEFENDANTS were employers within the meaning of the FLSA.

12. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. §

216.

13. In or around 2011, DEFENDANT CAKMIS ENTERPRISES, INC. hired PLAINTIFF to work in its stores' kitchens. During at least the last three years of his employment, PLAINTIFF held the position of kitchen manager.

14. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

15. Throughout most of his employment, PLAINTIFF was paid on an hourly basis and he worked at least 45 hours per week, but was not paid overtime and in fact, was not paid at all for the hours he worked beyond the 39th hour of the week. For example, if PLAINTIFF worked 45 hours in a week, DEFENDANT BETTY GRACE CAKMIS would only pay him for 38.2 hours or 39.1 hours.

16. Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week. Instead, DEFENDANTS would offer PLAINTIFF comp time for his overtime hours or pay him small amounts of cash "under the table".

17. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. DEFENDANT CAKMIS ENTERPRISES, INC. regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

20. At all relevant times, DEFENDANTs were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and are subject to the provisions of the Act.

21. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

22. During his employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week.

23. In addition to the overtime violation, DEFENDANTS violated the minimum wage provisions of the FLSA as follows.  In 2020, during the pandemic, PLAINTIFF worked 50 to 60 hours per week, but was only paid for 20 hours.  This continued for approximately seven to eight months.  This violated both the minimum wage and overtime provisions of the FLSA.

24. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF by DEFENDANTS.

25. DEFENDANTS' failure to compensate PLAINTIFF for his minimum wage and

overtime violates the provisions of the FLSA and the regulations thereunder.

26. DEFENDANTS' failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

27. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

28. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANTS owe PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked, minimum wage for every hour he worked for which he was not paid at least minimum wage and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

29. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANTS' violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

30. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

31. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid an hourly rate for each hour he worked. This hourly rate varied, but was $16 per hour before PLAINTIFF became a salaried employee in or

5

around May 2021. As a salaried employee, PLAINTIFF should have received $750 per week and DEFENDANT BETTY GRACE CAKMIS told PLAINTIFF that he would only have to work 40 hours per week when he was salaried.

32. PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time he worked. This includes but is not limited to failing to pay him for the hours he worked beyond 40 hours per week, failing to pay him at his agreed rate for 30 to 40 hours per week in 2020, and failing to pay him his full weekly salary when he was a salaried employee.

33. As a result of DEFENDANTS' failure to pay PLAINTIFF properly, he has suffered delay in receipt of her wages and has been required to retain an attorney to help get his pay and DEFENDANTS are required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANTS' breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  August 12, 2021

        Respectfully submitted,

        **THE LAW OFFICE OF MATTHEW BIRK**

        **/s/ Matthew W. Birk**
        **Matthew W. Birk**
        Florida Bar No.:  92265
        309 NE 1st Street
        Gainesville, FL  32601
        (352) 244-2069
        (352) 372-3464 FAX
        mbirk@gainesvilleemploymentlaw.com
        ATTORNEYS FOR PLAINTIFF